IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00517-BNB

JERRY LEWIS DEDRICK,

Applicant,

v.

CHARLES DANIELS, Warden,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 2 0 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Jerry Lewis Dedrick, is in the custody of the Federal Bureau of Prisons ("BOP") and currently is incarcerated at the United States Penitentiary in Florence, Colorado. Mr. Dedrick, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.

Mr. Dedrick claims that he has been unconstitutionally deprived of good conduct credit because of an incident report he received for fighting and which was the subject of a prison disciplinary hearing. Mr. Dedrick states that the disciplinary incident took place on April 21, 2009; he received the written notice on April 23, 2009; and the hearing was conducted on April 27, 2009. Mr. Dedrick raises three claims. In Claim One, he asserts that he did not receive a written notice within the twenty-four hours of the incident in question as required under BOP policy and in violation of his due process rights. In Claim Two, Mr. Dedrick asserts that BOP staff did not conduct a hearing within seventy-two hours as required by BOP policy and in violation of his due process rights. Finally in Claim Three, Mr. Dedrick asserts that prison officials at the central office intentionally and knowingly sabotaged the appeal of the administrative

remedy that he filed regarding the disciplinary proceeding at issue.

The Court must construe the Application liberally because Applicant is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If an application reasonably can be read "to state a valid claim on which the [applicant] could prevail, [a court] should do so despite the [applicant's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as a *pro se* litigant's advocate. *See id.* For the reasons stated below, the action will be dismissed.

The United States Constitution guarantees due process only when a person is to be deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Mr. Dedrick does not allege that he was deprived of life or property at his disciplinary hearing. Therefore, he was entitled to procedural protections at the disciplinary hearing only if he was deprived of a liberty interest. The existence of a liberty interest depends upon the nature of the interest asserted. *See Sandin v. Conner*, 515 U.S. 472, 480 (1995). A prisoner is not entitled to any procedural protections in the absence of a grievous loss. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

"It is well settled 'that an inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment.'" *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 811 (10th Cir. 2007) (involving a federal inmate and violations of due process in his disciplinary proceeding) (citing *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir.

2

1996).

> Where a prison disciplinary hearing may result in the loss of good time credits, . . . the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

**Superintendent, Mass. Corr. Inst. v. Hill**, 472 U.S. 445, 454 (1985). Mr. Dedrick, however, does not necessarily have a liberty interest in good time credit that he is unable to earn. The Court, for the purposes of analyzing Mr. Dedrick's due process claim, will assume he is challenging the taking of earned good time credits.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." **Wolff v. McDonnell**, 418 U.S. 539, 556 (1974). Instead, adequate due process at a prison disciplinary hearing requires only that a prisoner be provided with written notice of the charges against him no less than twenty-four hours in advance of the disciplinary hearing, an opportunity to call witnesses and present documentary evidence in his defense if doing so would not be unduly hazardous to institutional safety or correctional goals, and a written statement by the factfinders of the reasons for the decision and the evidence on which they relied. *See id.* at 563-66; **Smith v. Maschner**, 899 F.2d 940, 946 (10th Cir. 1990). There also must be some evidence to support a disciplinary conviction. **Superintendent, Mass. Correctional Inst., Walpole v. Hill**, 472 U.S. 445, 454 (1985); **Mitchell**, 80 F.3d at 1445.

"Ascertaining whether [the some evidence] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there

is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56; *see Mitchell*, 80 F.3d at 1445. The disciplinary decision will be upheld even if the evidence supporting the decision is "meager." *Mitchell*, 80 F.3d at 1445 (citing *Hill*, 472 U.S. at 457).

Constitutionally adequate due process at a prison disciplinary hearing does not require that an applicant be informed of every detail of the charges against him so that he can prepare what in his opinion is the best defense. It only requires that he be informed of the charges to enable him to marshal the facts and prepare a defense. *Wolff*, 418 U.S. at 564.

"[A] failure to adhere to administrative regulations does not equate to a constitutional violation." *See Hovater v. Robinson*, 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993) (citing *Davis v. Scherer*, 468 U.S. 183, 194 (1984)). A review of an applicant's disciplinary proceeding is "limited to whether the three steps mandated by *Wolff* were followed and whether there was some evidence to support the disciplinary committee's findings." *Mitchell*, 80 F.3d at 1445; *e.g.*, *Diaz v. McGuire*, No. 05-3149, 154 Fed. Appx. 81, 84-85 (10th Cir. (Kan.) Nov. 14, 2005) (stating that prison regulations are not designed to confer rights on inmates, and the process which is due is measured by the due process clause) (unpublished op.), *cert. denied*, 546 U.S. 1221 (2006).

With respect to Mr. Dedrick's *Wolff* claims, the Court finds the following: As stated above, due process is provided to an inmate when he receives notice of the charges against him within twenty-four hours prior to a disciplinary hearing. Here, Mr. Dedrick received a written notice of the incident report, and the charges asserted against him, on April 23, 2009. (Application at 3.) His disciplinary hearing took place

4

on April 27, 2009. (*Id.*) Mr. Dedrick had well over twenty-four hours between the date he was given a notice of the charges against him and the date the disciplinary hearing was held. As a result, there is no merit to Claims One and Two.

In Claim Three, Mr. Dedrick fails to assert a violation of his due process rights. Mr. Dedrick alleges that prison officials denied the appeals he filed regarding the violation of his due process rights in his disciplinary proceeding, even though they knew that his due process rights were violated. Simply because Mr. Dedrick did not receive the result he desired from the grievance procedure does not mean his due process rights were violated. *See Jackson v. Central New Mexico Correctional*, 976 F.2d 740, 1992 WL 236921 * 2 (10th Cir. Sept. 21, 1992) (unpublished). Furthermore, the Court has found that Mr. Dedrick's due process rights were not violated. Claim Three, therefore, lacks merit.

Based on the above findings, the action will be dismissed because Mr. Dedrick fails to assert a denial of his due process rights in his disciplinary proceeding. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed.

DATED at Denver, Colorado, this  19th   day of   April  , 2010.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00517-BNB

Jerry Lewis Dedrick
Reg No. 27140-180
USP – Florence
PO Box 7000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 4/20/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk